# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

KEVIN KERR,                )
                                 )
          Petitioner,      )
                                 )
          v.              )   Case No.  13-3066-CV-H-FJG
                                 )
WARDEN LINDA SANDERS,   )
                                 )
          Respondent.     )
                                 )

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners (USMCFP), petitions this Court for a writ of habeas corpus challenging his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it will be recommended that he be denied leave to proceed *in forma pauperis,* and the petition be **DISMISSED without prejudice**.

### BACKGROUND

In April 2000, in the Eastern District of Michigan, a jury found Petitioner Kevin Kerr guilty of conspiracy to distribute cocaine, and other related charges. He was sentenced to life imprisonment (Doc 7-1). The undersigned has reviewed Petitioner Kevin Kerr's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1), subsequent *pro se* supplemental filings (Docs. 3, 5, 8, 13, and 14), the warden's response (Doc. 7), and the traverse filed by the petitioner's appointed counsel (Doc. 24), and interprets Kerr's petition to raise the following four grounds for relief: 1) he should not have been convicted because he is mentally ill; 2) he is actually innocent of the offenses for which he was convicted; 3) the trial court erred

in not instructing the jury regarding the insanity defense; and 4) he is currently being denied participation in therapy for his mental illness on the basis of his religious beliefs, in violation of his rights under the First Amendment.

DISCUSSION

### Challenges to Underlying Conviction

Grounds 1, 2, and 3 of the petition appear to challenge Kerr's underlying conviction. An inmate in federal custody may challenge the constitutionality of a federal conviction or sentence only by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, in the sentencing court. The court where the inmate is incarcerated lacks jurisdiction to hear collateral challenges raised in a petition for writ of habeas corpus brought under 28 U.S.C. § 2241, *see Winston v. Mustain*, 562 F.2d 565, 567 (8th Cir. 1977), unless the petitioner can show that section 2255 is inadequate or ineffective to test the legality of his detention, *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The petitioner bears the burden of demonstrating that inadequacy or ineffectiveness. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

The petitioner has not met his burden to show that section 2255 is inadequate or ineffective to challenge his guilty plea and sentence. The petitioner indicates that he filed a motion under section 2255 in the Eastern District of Michigan, which was dismissed July 8, 2005 (Doc. 1, p. 3). He provides no indication whether section 2255 is otherwise inadequate or ineffective to test the legality of his detention. Absent such a showing, this Court lacks jurisdiction to hear the claims challenging his conviction in the pending section 2241 petition. The undersigned therefore recommends that these grounds (1, 2, and 3) of the petition be dismissed for lack of jurisdiction.

*Challenges to Mental Commitment*

Grounds 1, 2, and 3 of the petition could also be interpreted as a challenge to Kerr's confinement in the USMCFP pursuant to 18 U.S.C. § 4245, but the record demonstrates that the petitioner is lawfully confined for mental health care and treatment pursuant to 18 U.S.C. § 4245. *See United States v. Kerr*, Case No. 09-3438-CV-RED (W.D. Mo. Filed November 24, 2009). He has received yearly psychological evaluations in accordance with 18 U.S.C. § 4247(e). His most recent annual report indicates that the clinical staff at USMCFP has determined that Kerr continues to suffer from a significant mental illness which requires continued psychiatric hospitalization. *United States v. Kerr*, Case No. 09-3438 (Doc. 26-1, filed February 25, 2013). *See United States v. Bean*, 373 F.3d 877, 879-81 (8th Cir. 2004); *United States v. Steil*, 916 F.2d 485, 488 (8th Cir. 1990).

Moreover, it is well-settled that a petitioner seeking a writ of habeas corpus must exhaust administrative remedies as a prerequisite to relief. *See Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). A review of the record indicates that the petitioner has failed to fully exhaust his claims regarding his confinement because he did not raise them and receive a formal response at each level of available administrative review through the BOP. *See* 28 C.F.R. §§ 542.10, et seq. Accordingly, the undersigned recommends that any such claims be dismissed.

*Civil Rights Claims Not Cognizable in Habeas Corpus Proceedings*

Regarding Kerr's fourth ground for relief, in which he claims he is being denied access to participation in therapy on the basis of his religious beliefs, such a claim should be raised in an action brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), not in a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1971) (holding that purpose of habeas corpus is to challenge duration or length, but not conditions of

confinement).  Even if the Court were inclined to consider Kerr's allegation regarding therapy in this habeas action as if it were properly raised under *Bivens*, the Court would be required to dismiss the claim on a number of grounds.  First, Kerr did not exhaust his administrative remedies as he must prior to filing a civil rights claim. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).  Second, Kerr did not name as a defendant the person responsible for allegedly depriving him of his First Amendment rights. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (liability under *Bivens* is limited to individual government officials in their personal capacities).  The warden is the proper respondent in this habeas action. The Supreme Court has declined to extend liability under *Bivens* to employers or supervisors under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).   To make out a *Bivens* claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*, 556 U.S. at 676.  *See also Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006).  Accordingly, the undersigned recommends that ground 4 of the petition be dismissed without prejudice to the proper filing of the claim as a civil rights action pursuant to *Bivens*.

## CONCLUSION

Therefore, based on all the foregoing, it is **RECOMMENDED** that the petition for writ of habeas corpus filed by Petitioner Kevin Kerr be **DISMISSED without prejudice**.  It is further **RECOMMENDED** that all pending motions be found moot.

**IT IS SO ORDERED.**

**DATED:  January 31, 2014**

  /s/ ***David P. Rush***
**DAVID P. RUSH**
**United States Magistrate Judge**